IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS O. BASTIAN,

    **Plaintiff,**

v.                                                           Civ. No. 21-350 WJ/JFR

HEATHER JARAMILLO et al.,

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 489 (10th Cir. 1990). Doc. 12. On February 6, 2023, Plaintiff filed a *Motion Requesting Leave to Joinder [sic] Additional Plaintiff* ("Motion") (Doc. 21), wherein he seeks joinder of his fiancé, Kelly Sgrillo, as a plaintiff in this case. *Id.* at 3-4. Defendants filed a response in opposition on February 20, 2023. Doc. 24. Plaintiff has not filed a reply pleading, and the time for doing so has expired. *See* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response."). The Court therefore assumes that, pursuant to D.N.M.LR-Civ 7.1(b), briefing on the Motion is complete and it is ripe for decision. For the reasons that follow, the Court recommends that the presiding judge **DENY** the Motion. In conducting its analysis, the Court remains cognizant that Plaintiff is proceeding pro se and thus views his pleadings with a tolerant eye, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

---

[1] By an Order of Reference filed May 18, 2022 (Doc. 12), the presiding judge referred this matter to the undersigned to conduct hearing as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case.

1991), though he is expected to comply with the Federal Rules of Civil Procedure and nonburdensome local rules. *Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).

## I. RELEVANT BACKGROUND

Plaintiff is incarcerated and filed a *Complaint for Violation of Civil Rights* ("Complaint") on April 15, 2021. Doc. 1. Therein, pursuant to 42 U.S.C. § 1983, he alleges that Defendants violated his First Amendment Right to Free Speech, Sixth Amendment Right to Counsel, and Fourteenth Amendment Right to Due Process. Doc. 1 at 3. Specifically, as relevant here, Plaintiff claims that Defendants, or some of them, interfered with his mail correspondence to and from Ms. Sgrillo. *Id.* at 10; Doc. 21 at 2-3.

## II. ANALYSIS

**A.      Rule 20 Joinder is Infeasible**

Plaintiff brings the instant Motion seeking joinder of Ms. Sgrillo as a plaintiff, positing that his claims, and those Ms. Sgrillo may bring, "relate to the same transaction or series of transactions, and [are] against the same Defendants." Doc. 21 at 3. Plaintiff argues that Ms. Sgrillo should be joined as a plaintiff in this matter to "prevent multiple lawsuits that will allege the same set of facts and list the same set of Defendants, in the same set of occurrences." *Id.* at 4. Defendants respond that "Plaintiff cannot represent Kelly Sgrillo as a co-plaintiff" because he "is not licensed to practice law . . . and is proceeding pro se." Doc. 24 at 3. The Court agrees with Defendants.

The legal basis of Plaintiff's Motion is Fed. R. Civ. P. 20(a)(1), which provides:

> Persons may join in one action as plaintiffs if . . . they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action.

Doc. 21 at 4.  Joinder under Rule 20 "is permissive; whether to allow such joinder is left to the discretion of the trial judge."  *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983).  While the Supreme Court instructs that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged," *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966), the Court, in its discretion, may "disallow joinder when it is infeasible or prejudicial." *Simmons v. Fallin*, No. 17-CV-908, 2017 WL 6606859, at *3 (W.D. Okla. Dec. 27, 2017).

"Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder."  *Rueb v. Zavaras*, No. 10-CV-02727, 2010 WL 4861042, at *1 (D. Colo. Nov. 15, 2010).  Among these considerations is the risk for violations of Rule 11(a), which requires that every pleading be signed by pro se plaintiffs, particularly because pro se litigants may litigate only on their own behalf in court and have no standing to litigate another's cause.  *See id.*; 28 U.S.C. § 1654; *Lyons v. Zavaras*, 308 F. App'x 252, 255 (10th Cir. 2009) (noting that "a pro se litigant may not represent other pro se litigants in federal court"); *Quintana v. Core Civic*, 504 F. Supp. 3d 1224, 1238 (D.N.M. 2020); *Greene v. United States Dep't of Just.*, No. 22-CV-555, 2022 WL 3337776, at *2 (W.D. Okla. July 12, 2022) (noting that, "to litigate together," pursuant to Rule 11(a), pro se litigants "must *all* sign every document that they jointly file"), *adopted* 2022 WL 2966885 (W.D. Okla. July 27, 2022); *Good v. Washington*, No. 21-CV-18, 2021 WL 24939268, at *5 (W.D. Mich. June 15, 2021) ("It is well established that pro se litigants lack standing to represent the interests of others.").  To be sure, "[p]risoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult."  *Boretsky v. Corzine*, No. 08-CV-2265, 2008 WL 2512916, at *6 (D.N.J. June 23, 2008); *see also*

*Rueb*, 2010 WL 4861042, at *2 ("Prisoners, whose circumstances make joint litigation exceptionally difficult, are not similarly situated to non-prisoner joint plaintiffs.").

The Court is mindful that in the cases relied upon above, incarcerated plaintiffs sought to join the cases of other incarcerated plaintiffs. To the Court's knowledge, Ms. Sgrillo is not incarcerated. But that does not change the operative concerns here that render her joinder in this case infeasible. For example, because Plaintiff cannot represent Ms. Sgrillo and vice versa, *see Lyons*, 308 F. App'x at 255, any pleading filed must bear both of their signatures pursuant to Rule 11(a).[2] This heightens the risk that the pleadings filed may not represent the position of both Plaintiff and Ms. Sgrillo, which will leave the Court in a situation of uncertainty in ruling on motions and otherwise hinder its ability to efficiently manage its docket. At the core of Plaintiff's Complaint, after all, are his allegations of impeded contact with Ms. Sgrillo. *See Greene*, 2022 WL 3337776, at *2 (noting that a lack of "efficient[]" and "effective" communication among plaintiffs to "review[] proposed pleadings" may lead to failures to "meet the court's deadlines"); *Good*, 2021 WL 2439268, at *5 (noting that in "multiple-plaintiff prisoner litigation," pleadings are often "filed on behalf of plaintiffs without their consent"); *id.* ("No matter how efficient joinder may appear at the beginning of a case, prisoner-plaintiffs frequently are unable to provide pleadings signed by all parties as required by Fed. R. Civ. P. 11(a). . . . Motions are proposed or opposed by one but not all plaintiffs leaving the Court to puzzle out who is seeking relief against whom and on whose behalf."); *Boretksy*, 2008 WL 2512916, at *5 (collecting cases concerning "permissive joinder of prisoner plaintiffs" that note "the consequent possibilit[y] that documents may be changed as they are circulated").

---

[2]  The Court notes that the instant Motion does not bear Ms. Sgrillo's signature, and she was not served with a copy of it. Doc. 21 at 6-7. *See generally* Fed R. Civ. P. 5(a) (requiring pleadings filed separately to be served on every party).

For the foregoing reasons, the undersigned recommends that Plaintiff's request for joinder under Rule 20 be denied as infeasible.

**B.      Alternatively, Amendment of Plaintiff's Complaint is Futile**

While Plaintiff grounds his Motion in Rule 20(a)(1), he also states that he "requests leave of the Court to amend the Complaint by joining Kelly Sgrillo as a plaintiff in the matter." Doc. 21 at 5-6. To the extent this can be construed as a request for leave to amend the Complaint, the Court views such amendment as futile.

"A motion to add a party is governed by Fed. R. Civ. P. 15(a), which sets out the methods for amending pleadings. Under Rule 15(a), a party may amend its pleadings once as a matter of course at any time before a responsive pleading is served." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Plaintiff is correct that, at the time his Motion was filed, Defendants had not yet filed a responsive pleading. Doc. 21 at 5. However, he specifically seeks "leave of the Court" for his amendment, and he has now been served with a responsive pleading. Doc. 21 a 5-6. So, at this juncture, leave of the Court is required under Rule 15(a)(1)(2). The opportunity for leave to amend is a matter within the Court's discretion, *Foman v. Davis*, 371 U.S. 178, 182 (1962), though the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(b). However, futility of amendment justifies denial of leave. *Foman*, 371 U.S. at 182.

Defendants argue that Plaintiff has failed to comply with D.N.M.LR-Civ. 15.1, which states: "A proposed amendment to a pleading must accompany the motion to amend." Doc. 24 at 4. This argument is somewhat unavailing, however, because Plaintiff states in his Motion that the sole amendment he wishes to make to his Complaint is "the adding of joined Plaintiff[']s name and address under the 'Plaintiffs' section and heading." Doc. 21 at 6. Defendants further

5

argue that Plaintiff's request should be denied on "grounds that the proposed amendment would be futile." *Id.* With this point, the Court agrees.

The Court has already discussed how Plaintiff cannot represent Ms. Sgrillo's interests. *See Lyons v. Zavaras*, 308 F. App'x at 255; *Good*, 2021 WL 24939268, at *5. The issue germane to resolving a motion to amend when futility is argued is "whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (internal quotation marks and citation omitted). It necessarily follows that if Plaintiff cannot represent Ms. Sgrillo's interests for want of standing, he cannot present evidence in support of her claims, and thus an amendment that adds Ms. Sgrillo as a plaintiff would ultimately prove futile. *See Jackson v. Bolandi*, No. 18-CV-17484, 2020 WL 255974, at *4-6 (D.N.J. Jan. 17, 2020) (concluding an amendment to a pro se plaintiff's complaint would prove futile because she only asserted violations of the civil rights of another individual without independent legal representation); *Reihner v. Washington Cty.*, No. 15-CV-143, 2015 WL 6737972, at *1-2 (W.D. Pa. Nov. 4, 2015) (concluding an amendment to pro se plaintiffs' complaints would prove futile because, *inter alia*, the plaintiffs could not represent another pro se party in court and were unable to comply with Rule 11(a)'s signature requirement as they could not obtain the other party's signature due to his incarceration).

For the foregoing reasons, to the extent Plaintiff's Motion can be read to seek amendment of his Complaint under Rule 15, the undersigned recommends it be denied because the amendment sought is futile.

### III. CONCLUSION

The undersigned recommends that presiding judge **DENY** Plaintiff's Motion because, given the circumstances of his case, Rule 20 joinder is infeasible.

The undersigned further recommends that to the extent Plaintiff's Motion can be read to seek amendment of his Complaint under Rule 15, the presiding judge likewise **DENY** it because the amendment sought is futile.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge