IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**THOMAS O. BASTIAN,**

      **Plaintiff,**

    v.                                       **Civ. No. 21-350 WJ/JFR**

**HEATHER JARAMILLO et al.,**

      **Defendants.**


ORDER DENYING DEFENDANTS'
MOTION FOR SHOW CAUSE ORDER

      **THIS MATTER** is before the Court on Defendants' *Motion for Show Cause Order* ("Motion"), filed on July 6, 2023.  Doc. 60.  Plaintiff responded On July 25, 2023 (Doc. 67), and Defendants replied on August 14, 2023.  The Motion is ripe for decision.  Doc. 77.  Having reviewed the pleadings and being familiar with the record and otherwise sufficiently apprised, the Court finds the Motion not well-taken.  Therefore, for the reasons below, it is **DENIED WITHOUT PREJUDICE.**

RELEVANT BACKGROUND

      Plaintiff, incarcerated and proceeding pro se, filed a Complaint against Defendants on April 15, 2021.  Doc. 1.  The Court ordered Defendants to answer and compile a report pursuant to *Martinez v. Aragon*, 570 F.2d 317, 320 (10th Cir. 1987).  Doc. 20.  Defendants filed their *Martinez* Report on March 8, 2021 (Doc. 32), as well as accompanying dispositive motions. Doc. 35.  Plaintiff has responded, and Defendants' replies are outstanding.  Docs. 72, 73, 75.

      Plaintiff is not a stranger to litigation and has been or is presently involved in numerous cases.  Doc. 67 at 3.  Defendants' *Martinez* Report revealed that Plaintiff has communicated with

attorneys while in custody.  *See* Docs. 32-5 at 10, 15, 17, 31, 34, 48, 54, 64; 32-6 at 1, 3-4, 6-7, 10, 12-14, 16-17, 22-23, 27; 32-16 at 13; 2-17 at 12; 32-26 at 4; 32-27 at 4.  This revelation, as well Plaintiff's statement in another pleading that he contacted attorneys and a private investigator to obtain copies of documents he wished to use to respond to the *Martinez* Report and Defendants' dispositive motions, form the basis of the instant Motion, at least in part.  Doc. 60 at 4-5.

## ANALYSIS

Defendants invoke the Tenth Circuit's pronouncement in *Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) that an attorney's participation in drafting pleadings for litigation for an individual who has represented that he is proceeding pro se "must be acknowledged by signature" per Fed. R. Civ. P. 11.  Doc. 60 at 6-8.  They posit that because Plaintiff has disclosed that "he has attorneys and a Private Investigator" whom he requested documents from that he wished to use in his responses to Defendants' *Martinez* Report and dispositive motions in the instant case, he must be using counsel to litigate the case.  *Id.* at 8.  In Defendants' estimation, the quality of Plaintiff's pleadings indicate that he has "at least some assistance from an attorney."  *Id.*  Moreover, Defendants note that the record indicates that Plaintiff had an attorney and private investigator "at the time of the events on which Plaintiff bases his claims."  *Id.* at 9.  Defendants further argue that, if Plaintiff is indeed having an attorney assist him in drafting his pleadings, such pleadings are not entitled to liberal construction.  *Id.* at 10-11.  Finally, Defendants note that "Plaintiff was regularly communicating with attorneys not licensed to practice law in New Mexico," and argue that this "raises concerns of whether such individuals are engaging in the unauthorized practice of law in New Mexico."  *Id.* at 11-12.

Plaintiff responds to Defendants' Motion by "avow[ ing]" that while he has referenced his "Arizona attorney[]s and private investigator" they have "at NO TIME EVER . . . assisted in the research, drafting, and/or presentation of any legal document filed in this case."  Doc. 67 at 1. He states that his "Arizona Attorney[]s and Private Investigator have almost no knowledge or information pertaining to this case."  *Id.* at 1-2.  Plaintiff explains that his contact with his attorneys and private investigator, for purposes of this case, is limited to requesting copies of documents in their possession that he believes are relevant to this case and his responses to Defendants' *Martinez* Report and Defendants' dispositive motions.  *Id.* at 2, 5-6.  Finally, Plaintiff states that if he ever "seek[s], or obtain[s] the assistance of an attorney, or investigator, or any other person, in this matter, [he] will of course comply with all rules, requirements, and expectations."  *Id.* at 4.

Defendants reply by arguing that, following Plaintiff's response, "[s]ignificant reasons remain . . . to doubt Plaintiff's representations that he has not received the substantial assistance of counsel in shaping this litigation and/or drafting filings."  Doc. 76 at 3.  Defendants state that they have contacted three of the attorneys identified from the *Martinez* Report and have thus far received a response from one, who stated that she has not assisted Plaintiff in this case.  *Id.* at 4. Finally, Defendants claim that their attempts to contact the attorneys whose identities they know does not fully address their concern because "the attorney(s) assisting Plaintiff may not be any of these individuals."  *Id.*

The concern about pleadings submitted by pro se litigants that were in fact "ghostwritten" by attorneys has been recognized by other Circuits and several district courts, including this one. *See, e.g.*, *Ellis v. Maine*, 448 F.2d 1325, 1328 (1st Cir. 1987) (holding that a brief "prepared in any substantial part by a member of the bar" must be signed by the attorney); *Wesley v. Don*

*Stein Buick, Inc.*, F. Supp. 884, 885-86 (D. Kan. 1997) (noting the legal and ethical concerns regarding the ghostwriting of pleadings by attorneys); *Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1077 (E.D. Va. 1997) (stating that it is "improper for lawyers to draft of assist in drafting complaints or other documents submitted to the Court on behalf of litigations designated as pro se"); *United States v. Eleven Vehicles*, 966 F. Supp. 361, 367 (E.D. Pa. 1997) (discussing the concerns surrounding ghostwriting pleadings for pro se litigants, including attorneys' duties of candor to the court, the court's ability to supervise litigation, and the pro se litigant's right to liberal construction of pleadings); *Henning v. Cooper*, No. 08-CV-828, 2009 WL 10681511, at *2 (D.N.M. Dec. 2, 2009) ("The Tenth Circuit requires that an attorney cannot ethically participate in ghostwriting legal pleadings unless the client specifically commits herself to disclosing the attorney's assistance to the court upon filing."). *But see In re Fengling Liu*, 664 F.3d 367, 369-72 (2d. Cir. 2011) (noting that the Second Circuit does not expressly disapprove of attorneys ghostwriting pleadings for pro se litigants and that there are "various authorities that permit that practice").

While the Court approaches Plaintiff's Motion with the foregoing in mind, it remains cognizant that its ability to act in this instance is somewhat limited and certainly does not compel the broad relief Defendants seek.[1] *See Senatus v. Lopez*, No. 20-CV-60818, 2021 WL 5310591,

---

[1]    In toto, Defendants ask the Court

to issue an order directing Plaintiff to: disclose the identity of all "Attorneys" referred to on p. 3 of Plaintiff's Third Motion for Extension (Doc. 51); the nature scope, and duration of legal services provided by such Attorneys on behalf of Plaintiff; all filings which such Attorneys assisted in drafting; all invoices from and payments to such Attorneys and Private Investigators, including dates of invoice or payment and description of services rendered; a description of all services rendered by such Attorneys and Private Investigators for which Plaintiff has not been billed; all filings which such Attorneys assisted in drafting; and the date on which Plaintiff and the Attorneys formed an attorney-client relationship; or to show cause why he should not have to comply with the Court's Order.

Doc. 60 at 12-13. Defendants further "request that all filings identified by Plaintiff as 'pro se' but which where in fact ghostwritten in full or in part by counsel without complying with Rule 11(a) be stricken from the case." *Id.* at 13. As

at *2 (S.D. Fla. Aug. 19, 2021) ("While courts may exercise their discretion to order a party to submit a clarifying affidavit on the issue of ghostwriting, it is unusual for a court to take any action absent concrete evidence of ghostwriting, such as an admission from the pro se litigant or ghostwriting attorney."), *adopted* 2021 WL 5299867 (S.D. Fla. Nov. 15, 2021).  The Court must balance the concerns outlined above with its role in these proceedings.  Though our Circuit recognizes that "the failure of an attorney to acknowledge the giving of advice by signing his name constitutes a misrepresentation to [the C]ourt by both the litigant and the attorney," *Barnett v. LeMaster*, 12 F. App'x 774, 778 (10th Cir. 2001),  "the [C]ourt won't advocate for [Defendants'] position or investigate these accusations on [their] behalf," *Watchous Enters., LLC v. Pac. Nat'l Cap.*, No. 16-CV-1432, 2021 WL 4399493, at *8 (D. Kan. Sept. 27, 2021), *appeal docketed sub nom. Watchous Enters. v. Mournes*, No. 22-3071 (10th Cir. Apr. 5, 2022). *Watchous* highlights a few key points.  First, while the Tenth Circuit "requires" the disclosure of the assistance of legal counsel, the question of enforcement remains open-ended.  *Id.*  Second, while a party may ask the Court to order the opposing party to "disclose the names of any attorneys assisting them," it is unclear how such a request "will mandate a disclosure."  *Id.*  Both points are particularly material here.

In *Watchous*, a case Defendants rely upon in their Motion, Doc. 60 at 10, at the time the court entered its order, the party accused of using undisclosed legal services had not yet responded to that accusation, so the court ordered the party to disclose such information because the Tenth "Circuit requires this result."  2021 WL 4399493, at *8.  Here, Defendants are in a different boat.  Plaintiff has responded to their accusation and has expressly denied it.  Doc. 67 at

---

explained more fully below, Tenth Circuit precedent does not demand this result.  Because the Court denies Defendants' Motion. it does not reach the issue of striking pleadings from the record, which is potentially dispositive, and therefore need not issue a separate recommendation to the presiding judge on this issue.

1-2.  Moreover, Defendants have accepted Plaintiff's invitation to contact his attorneys and private investigators.  *Id.* at 4; Doc. 76 at 4.  Thus far, their efforts have resulted in an attorney stating that she has not assisted Plaintiff in this case.  Doc. 76 at 4.  Unlike the party seeking similar information in *Watchous*, or those cases where a litigant admitted to having an attorney ghostwrite their pleadings or an attorney was caught ghostwriting a litigant's pleadings, Defendants appear to have the names of the attorneys who they assert may be assisting Plaintiff (in fact, much of the contact information for these individuals is in the *Martinez* Report), and they are free to continue investigating their assertion should they wish.  But the Court will not do this work for them by ordering Plaintiff to produce the broad swath of information they seek. *See Watchous*, 2021 WL 4399493, at *8; *see, e.g.*, *In re Dreamplay, Inc.*, 534 B.R. 106, 125 (Bankr. D. Md. July 27, 2015) (taking action after realizing an attorney was ghostwriting a litigant's pleadings); *Saint Vil v. Perimeter Mortg. Funding Corp.*, No. 14-CV-1428, 2016 WL 10567193, at *2-3 (N.D. Ga. Dec. 15, 2016) (relying on litigant's admission to having pleadings ghostwritten by an attorney before taking action), *adopted* 2017 WL 5473745 (N.D. Ga. Jan. 18, 2017), *aff'd* 715 F. App'x 912 (11th Cir. 2017).  Again, the most the Court can do at this juncture is order Plaintiff to disclose the names of attorneys assisting him.  *Watchous*, 2021 WL 4399493, at *8.  In his response, Plaintiff states that he has no attorneys working on the instant case, Doc. 67 at 4, and it appears Defendants have the names of the individuals who Plaintiff has contacted while in custody.  The Court need not go any further.  *See Shahroki v. Harter*, No. 21-CV-1126, 2021 WL 4981068, at *1 (D. Nev. Oct. 26, 2021) (rejecting an argument that pro se parties submitted ghostwritten pleadings on the basis that they filed "declarations stating that they are proceeding . . . pro se and have created their filings themselves); *Senatus*, 2021 WL 5310591, at

6

*3 (rejecting an argument that a pro se party submitted ghostwritten briefs because, *inter alia*, he and his girlfriend notified opposing counsel that he was proceeding pro se).

Moreover, aside from Plaintiff's contact with counsel gleaned from the *Martinez* Report and his statement in a pleading that he was seeking relevant documents in the possession of attorneys, Defendants' Motion rests entirely on speculation. For example, Defendants speculate that Plaintiff has the resources to obtain counsel: "It is possible that Plaintiff has been paying an attorney and/or private investigator for assistance as he had nearly $60,000.00 in his fund when he left New Mexico, and he did not claim to be indigent at the beginning of this case, but he is claiming indigency now." Doc. 60 at 9. In his response, Plaintiff claims that he no longer has these funds. Doc. 67 at 6. Defendants reply that this simply is not good enough, because when considered in tandem with "the style of legal writing, the claims Plaintiff raised, and the legal research in Plaintiff's filing," there is "the likelihood of the assistance of counsel." Doc. 76 at 4. So, according to Defendants, "the Court should only accept actual documentation in determining whether an attorney has provided some substantial assistance in this case." *Id.* But speculation, particularly on the grounds advanced by Defendants, is insufficient. *Senatus*, 2021 WL 5310591, at *3 (declining to act on an accusation of attorney ghostwriting "absent any concrete evidence"); *id.* ("[T]he facts that Defendants provide to support their allegations of attorney ghostwriting amount to a speculation."); *id.* ("[T]his Court does not presume high-level diction and grammar to be concrete evidence of ghostwriting.").

Should Defendants continue their investigative efforts and uncover information that contradicts Plaintiff's averments, they should bring such information to the Court, and their arguments may be revisited. However, Defendants should bear in mind that, if their efforts continue to yield statements from attorneys that Plaintiff is not receiving their assistance, in the

absence of anything to suggest otherwise, the Court will not speculate that such attorneys are not complying with their ethical obligation to disclose assistance rendered to Plaintiff. *Cf. Hartman v. Am. Red Cross*, No. 09-CV-1302, 2010 WL 1882002, at *1 (C.D. Ill. May 11, 2010) ("The Court will not engage in speculation that counsel might not act in accord with legal ethics.").

## CONCLUSION

For the foregoing reasons, Defendants' Motion is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**JOHN F. ROBBENHAAR**
United States Magistrate Judge